IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY W. THOMAS,	CASE NO. 2:09-cv-141
	CRIM. NO. 2:06-cr-021
    Petitioner,	JUDGE MARBLEY
	MAGISTRATE JUDGE KING

v.

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

On September 20, 2010, the Magistrate Judge issued an *Order and Report and Recommendation* recommending that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed; petitioner's motions for sanctions, for the appointment of counsel and for an evidentiary hearing were denied. *Order and Report and Recommendation*, Doc. No. 93. Petitioner has now filed objections. *Objection to Report and Recommendation*, Doc. No. 95. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation that his claims be dismissed on the merits. He continues to complain that, because of the inadequate performance by his trial attorney, he was improperly held responsible "for the total quantity of drugs" in this case and that, because the prosecutor knowingly proffered the false testimony of James Tinsley, petitioner was denied a fair trial. *Objections*, at 2. In support of the latter allegation, petitioner has attached a document dated January 20, 2006,

indicating that James Tinsley appeared for a polygraph examination at the request of the United States Attorney's Office intended to determine whether Tinsley was attempting to withhold information about his drug distribution business. *See Exhibits to Objections*. The examination indicated that Tinsley truthfully stated that he gave a person identified as "Future" 650 grams of heroin to sell for him, and that "Ericson" was responsible for providing the heroin found at the time of Tinsley's arrest. *See id.*

> Q. Beside the three (3) people mentioned, did anyone else sell heroin for you?
>
> A. No.

*Id.* Petitioner has also attached a copy of a Western Union log previously attached to his § 2255 motion. *See id.* He also asserts the additional claim that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence. Petitioner also again argues that sanctions should be imposed due to respondent's failure to comply with this Court's *Order,* Doc. No. 74, granting his request for production of documents. *See id.*

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner did not previously assert a claim based on the alleged ineffective assistance of counsel due to his attorney's failure to file a motion to suppress evidence, and he may not do so now. Moreover, because James Tinsley did not testify before the Grand Jury, *see Answer of the United States to Petitioner's Motion for Sanctions*, Doc. No. 89, the government's failure to produce his Grand Jury testimony is not sanctionable. Finally, and for the reasons detailed

in the Magistrate Judge's *Report and Recommendation*, the record fails to establish a basis for habeas corpus relief.

Therefore, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT**.

s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge
