IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TROY W. THOMAS,**

    **Petitioner,**

                        CASE NO. 2:09-cv-141
                        CRIM. NO. 2:06-cr-021
    v.                JUDGE MARBLEY
                        MAGISTRATE JUDGE KING

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

On November 18, 2010, this Court dismissed Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and denied Petitioner's motions for sanctions, for the appointment of counsel, and for an evidentiary hearing. *Order*, Doc. No. 96. This matter now is before the Court on Petitioner's December 20, 2010, motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Doc. No. 97. For the reasons that follow, Petitioner's motion is **DENIED**.

Rule 59 of the Federal Rules of Civil Procedure provides:

(a) **In General**.

    (1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

        (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

        (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

> (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
>
> (b) **Time to File a Motion for a New Trial**. A motion for a new trial must be filed no later than 28 days after the entry of judgment.
>
> (c) **Time to Serve Affidavits**. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.
>
> (d) **New Trial on the Court's Initiative or for Reasons Not in the Motion**. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.
>
> (e) **Motion to Alter or Amend a Judgment**. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

In his motion for reconsideration of the dismissal of his § 2255 motion, Petitioner raises no new arguments that have not already been considered. He again argues that he was improperly held accountable for more than 650 grams of heroin, that he was denied the effective assistance of counsel, and that an evidentiary hearing is required for resolution of his claims. *See Motion for Reconsideration.*

This Court may consider Petitioner's application under Rule 59.[1] *See Howard v. United States,* 533 F.3d 472 (6th Cir.2008)(holding that the limitations on successive motions under Rule 60(b) of the Federal Rules of Civil Procedure do not apply to motions under Rule 59). However,

---

[1] Petitioner indicates that he submitted his Rule 59 motion to prison officials for mailing on December 15, 2010, and within the required period for filing his Rule 59 motion. *See Houston v. Lack,* 487 U.S. 266, 270 (1988)(holding that a *pro se* prisoner's notice of appeal is deemed filed on the date it is submitted to prison officials for mailing).

Petitioner has raised no grounds warranting relief under Rule 59. As detailed in the Magistrate Judge's *Report and Recommendation*, Doc. No. 93, Petitioner's claims are plainly without merit. Further, where the record conclusively establishes that the Petitioner is not entitled to relief, no evidentiary hearing is required. *See* 28 U.S.C. § 2255; *see also Blanton v. United States,* 94 F.3d 227, 235 (6th Cir.1996).  Such are the circumstances here.

Petitioner's Rule motion for reconsideration pursuant to Rule 59(e), Doc. No. 97, is therefore **DENIED.**

                                                         *s/Algenon L. Marbley*
                                                            Algenon L. Marbley
                                                       United States District Judge